United States District Court
Middle District of Florida
Orlando Division

**LAURA JEAN EHMER,**

 *Plaintiff,*

v.               **NO. 6:20-cv-1491-ORL-18PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

# Order

In this case challenging the Commissioner of Social Security's denial of Laura Jean Ehmer's application for benefits, the Commissioner moves to stay the case for ninety days or until the Social Security Administration ("SSA") can prepare the transcript of the agency record. Doc. 11. Ehmer opposes the motion. Doc. 12.

In a denial-of-benefits case, as part of the Commissioner's answer, the Commissioner must "file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Here, Ehmer filed the complaint in August 2020. Doc. 1. In October 2020, the Commissioner moved to stay. Doc. 11. The Commissioner has filed nothing else, and the Court has not entered a case management and scheduling order.

Relying on a declaration by Jebby Rasputnis, the Executive Director of the SSA's Office of Appellate Operations ("OAO"), Doc. 11-1, the Commissioner explains these facts. The OAO in Virginia compiles the transcript for each case, and the novel coronavirus pandemic and resulting transition to remote work, combined with a substantial increase in filings, has "significantly impacted" operations. Doc. 11 at 1–2. To now compile the transcript virtually, the OAO had to retrain staff and modify

purchasing agreements with transcription companies. Doc. 11 at 2. The OAO will soon pass its pre-pandemic rate of producing between 300 and 400 transcripts a week. Doc. 11 at 2. But the number of court cases has increased since last year (2435 in July compared to a 2019 monthly average of 1440). Doc. 11 at 2. Combined with the backlog from the change to virtual work because of the pandemic, the OAO had to process more than 8000 cases at the end of August. Doc. 11 at 2.

The Commissioner explains that, because of the processing changes, the OAO "had difficulty separating the oldest cases from the newer cases when transmitting audio files to the contracted transcription typing service." Doc. 11 at 2–3. The OAO can now send the cases in order of age, but "each contractor works at a different speed based on their individual staffing challenges." Doc. 11 at 3. The OAO staff processes them as soon as received back from the transcript vendors to avoid further delay and "disparities between case filing dates and [transcript] completion dates will decrease" as the OAO improves its process and sends older cases first. Doc. 11 at 3.

The Commissioner explains the OAO has no control over private transcription companies with whom the OAO contracts, but the OAO is working with existing contractors to increase capacity and is finalizing another contract. Doc. 11 at 3. The Commissioner "asks for continued patience as OAO works to add transcription capacity, increase its production of [transcripts], and address rising court case filings." Doc. 11 at 4.

Much of the information in Rasputnis's declaration is explained in the motion. Doc. 11-1. Rasputnis adds, "In July, [Rasputnis] met with several representatives from the National Organization of Social Security Claimants' Representatives. On August 25th, [Rasputnis] wrote to the Director of the Administrative Office of the United States Courts with information about the effect of [the SSA's] difficulties on the courts and to stress that agency leadership is mindful of the importance of judicial review to claimants and committed to increasing [transcript] production." Doc. 11-1 at 3.

Ehmer responds she opposes a ninety-day stay because the Commissioner has not provided specific information about her case or the number of cases older than hers. Doc. 12 at 1. She explains attorneys have been flexible with the Commissioner for months and contends there "appears to be no end in sight" and her case should not be put on hold indefinitely. Doc. 12 at 1. She observes the Commissioner has delayed court proceedings by filing blanket extension requests that will further delay proceedings, cause longer waits, and require more extensions later to deal with the backlog. Doc. 12 at 2. She states she agrees to a sixty-day stay and, if the Commissioner cannot timely provide a transcript, the Court should remand the case to an ALJ for additional proceedings.[1] Doc. 12 at 2.

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A court must weigh competing interests, *Landis v. North Amer. Co.*, 299 U.S. 248, 255 (1936), considering the scope of, reasons for, and duration of the stay, *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). This Court has recently granted similar but unopposed motions to stay social-security cases for ninety days. *See, e.g. Barden v. Comm'r of Soc. Sec.*, 3:20-cv-866-J-39PDB; *Beane v. Comm'r of Soc. Sec.*, 6:20-cv-1036-Orl-40PDB; *Duckworth v. Comm'r of Soc. Sec.*, 8:20-cv-1683-T-60PDB.

The Commissioner has provided good cause for the stay, and ninety days is reasonable. The pandemic has caused substantial disruptions in most aspects of life

---

[1] Ehmer cites, in part, a case in which the court granted the Commissioner's motion to remand under sentence six of 42 U.S.C. § 405(g) because part of the hearing with the ALJ had been inaudible. Doc. 12 at 2; *see* 42 U.S.C. § 405(g) ("The Court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause the for the failure to incorporate such evidence into the record in a prior proceeding[.]"). A sentence six remand would slow, not hasten, the Court's consideration of Ehmer's case.

and work, including, in the litigation context, delaying jury trials and other proceedings. *See In re: Coronavirus Public Emergency*, No. 3:20-mc-5-J-32. The Commissioner has detailed the OAO's processes and resulting need for a stay. The action was just filed in August. Nothing suggests the Commissioner is acting in bad faith. And shortening the time for Ehmer could cause her case to leapfrog over others pending longer.

The Court **grants** the motion, Doc. 11, and stays the case until **January 19, 2021**. The clerk is directed to administratively close the case during the stay. If the Commissioner can file the answer and administrative transcript before that date, the Court will lift the stay earlier.

**Ordered** in Jacksonville, Florida, on November 6, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record